Wanamaker, J.
The first question naturally and logically involved in this case is: Has the board of education in the employment of the county superintendent acted within its statutory power ?
If it has not, its action in excess of power is clearly a nullity. But if it has acted within its statutory power, the next question in natural and log *467 ical order is: Is such statutory power conferred upon the board of education within the constitutional power?
That boards of education are purely the creatures of statute-is an old and uniformly accepted doctrine. Section 3, Article VI of the Constitution adopted in 1912, provides, in part, that “Provision shall be made by law for the organization, administration and control of the public school system of the state supported by public funds.”
As administrative boards created by statute their powers are necessarily limited to such powers as are clearly and expressly granted by the statute. This same doctrine as to inferior boards or commissions was recently laid down in State, ex rel. Locher, Pros. Atty., v. Menning, 95 Ohio St., 97. The following appears in a .per curiam opinion concurred in by all the members of the court:
“The legal principle is settled in this state that county commissioners, in their financial transactions, are invested only with limited powers, and that they represent the county only in such transactions as they may be expressly authorized so to do by statute. The authority to act in financial transactions must be clear and distinctly granted, and, if such authority is of doubtful import, the doubt is resolved against its exercise in all cases where a financial obligation is sought to be imposed upon the county.”
This doctrine as applied to boards of county commissioners in their financial transactions must in principle be equally, obligatory upon boards of education in their financial transactions.
*468 Now, what are the powers conferred by the statute in question, particularly Section 4744, General Code? That section provides: “The county board of education at a regular meeting held not later than July 20th, shall appoint a county superintendent for a term not longer than three years commencing on the first day of August.”
And Section 4744-1, General Code, provides:
“The salary of the county superintendent shall be fixed by the county board of education to be not less than twelve hundred dollars per year.”
This statute invests the board of education with power to appoint a county superintendent for a term not longer than three years. It did appoint the relator as county superintendent for three years, on the 13th day of March, 1918, and on the same date, agreeable to the statute, the same board fixed the salary of the superintendent for said term.
The county board of education, having exercised that power at the proper time, in the proper manner, and the county superintendent having accepted, the appointment and entered upon the discharge of his duties, the question is whether or not such exercise of power is or is not an exhaustion of the power of the county board of education in respect to fixing the salary of such county superintendent for the maximum period of three years.
Both parties to this cause, in argument and brief, concede that relator, as county superintendent of schools of Ashtabula county, is a public officer. The statute itself, providing for the appointment of such county superintendent, expressly designates him as *469 “in all respects the executive officer of the county-board of education.”
For the purposes of this case, it is assumed that he is such officer.
It is further assumed that the general assembly of Ohio in the enactment of Section 4744 et seq., General Code, had in mind Section 20, Article II of the Constitution, which reads:
“The general assembly, in cases not provided for in this constitution, shall fix the term of office and the' compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
The legislature in the above statute uses the expression “fix” the term of office and the compensation of all officers; and this is substantially the language of the constitution. The people of Ohio wisely provided in this delegation of power to the general assembly that “no change therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
Now it is argued that the legislature not having put this language in the board of education statute it may be presumed that the legislature did not intend to deny the board of education the right to subsequently change any salary fixed by it.
It can not be seriously doubted, however, that what the constitution reads into every statute it is quite unnecessary that the legislature should expressly write into the statute. Upon the contrary, unless the language of the statute is clearly incon *470 sistent therewith, the presence of such constitutional provision is as necessarily implied in the statute as if the same were expressly written into it.
The obligation of the legislature to support the constitution imposes upon that body its primary and paramount duty, and the language of the statute is entirely consistent with this sound and wholesome public policy.
The express power to fix a salary does not grant by implication the power to unfix such salary. The exercise of the power for the full three-year term, agreeable to the statute, exhausts the power conferred by the statute. The power to change after once having fixed the term and salary, to employ the language of the Locher case, supra, must be “clear and distinctly granted.” The power not being so granted to the board of education cannot be exercised by the board of education, and its attempted exercise thereof is ultra vires. The action of the board in attempting to change the salary of the county superintendent, after once fixed, is illegal and void under the statute.
It is an old and uniformly well-settled rule that questions involving the constitutionality of statutes will not be determined unless such determination is essential to the rendition of a proper judgment in the instant case.
It clearly appearing that the board of education has exceeded its statutory grant of power it is unnecessary here to determine whether or not a statute *471 would have been constitutional had the board acted within its statutory grant of power.
Writ denied.
Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.